IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| R.E.H., P.L. LLC, *Plaintiff,* vs. EDWARD F. VALDESPINO *Defendant.* | §§§§§§§§§§§§ | 5:26-CV-05825-FB-RBF |

**ORDER REGARDING CERTAIN PRETRIAL MATTERS**

Before the Court is the status of the above-referenced case. The District Judge referred certain matters to the Magistrate Judge, pursuant to Rule CV-72 and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 7. This Order sets this matter for an Initial Pretrial Conference, directs the parties to confer and prepare a Report under Rule 26(f), directs the parties to ensure the Court has jurisdiction and take any necessary corrective steps regarding jurisdiction prior to the Initial Pretrial Conference, and instructs counsel on certain matters relevant to practicing in this Court.

**A. The Case Is Set for an Initial Pretrial Conference.**

**IT IS ORDERED** that this case is set for an Initial Pre-Trial Conference, pursuant to Federal Rule of Civil Procedure 16, on **December 3, 2026, at 1:30 PM** All parties are **required to appear by Zoom** for the hearing. The information to join the hearing is as follows:

Join ZoomGov Meeting: https://txwd-uscourts.zoomgov.com/j/1600078256

Meeting ID: 160 007 8256

The parties must check in, no later than 5 minutes before the start of the hearing, with the Courtroom Deputy.

The parties should be prepared to discuss the following: (1) the claims and defenses at issue; (2) each party's theory of the case; (3) the basis for federal jurisdiction and the sufficiency of any pleadings addressing jurisdiction; (4) entry of a Scheduling Order (or how the case is proceeding under the current Scheduling Order, if one has already been entered); and (5) any other matters set forth in Rule 16(c)(2). ***Parties should also be prepared to argue any ripe, pending motions referred by the District Judge for resolution by the Magistrate Judge.*** To understand whether a motion is referred to the Magistrate Judge for resolution, the parties are directed to consult the Order of Referral entered by the District Judge. *See* Dkt. No. 7.

Because key purposes of the Initial Pretrial Conference are to encourage counsel at an early juncture to engage with the case substantively, identify potential issues warranting early consideration or special treatment, develop a thoughtful scheduling order, and address certain pending motions, counsel appearing for the Initial Pretrial Conference must be: (1) informed about the case; (2) authorized to make scheduling decision and on-the-record statements about the claims, defenses, or theories in the case; and (3) prepared to argue any pending, referred motions.

Any counsel appearing and addressing the Court at the Initial Pretrial Conference should already be admitted to practice in the Western District of Texas (or have received or already sought permission to appear pro hac vice) and must, prior to the Initial Pretrial Conference, ***formally appear in the case by filing a Notice of Appearance on the docket.*** If for some reason counsel is not admitted or has not yet appeared in the case prior to the Initial Pretrial Conference—but is admitted to practice in the District or has a pro hac application pending—this topic should be raised at the first opportunity during the hearing and a full explanation provided. ***The practice of***

***attorneys who lack knowledge of the case or authority to act in it and merely "step in" to handle the Initial Pretrial Conference will not be permitted and is potentially sanctionable.***

***The failure to appear at a scheduled hearing, including an Initial Pretrial Conference, can result in a finding of criminal contempt and imposition of a fine of up to $5,000. See* 28 U.S.C. § 636(e); 18 U.S.C. § 3571(b)(6).**

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Judge-Farrer-Civil-Fact-Sheet-Updated-8-2026.pdf. All counsel (and parties, if they are appearing pro se) are expected to review it before filing any matters or appearing in a case before me.

**B. The Parties Must Confer and Submit a Rule 26(f) Report.**

On or before **November 23, 2026**, the parties shall confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure. The parties should address whether a protective order is required, whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate. Moreover, pursuant to Local Rule CV-16(d) the parties shall submit their Joint Discovery/Case Management Plan, if one has not already been submitted, that answers the following questions:

1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 *at the time of removal*. If there is any disagreement on these issues, each party should state its respective position.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. If a Rule 30(b)(6) deposition is anticipated, have the parties discussed potential topics for the deposition?

8. What, if any, discovery disputes exist or are anticipated?

9. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

10. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that on or before **November 23, 2026**, the parties shall submit proposed scheduling recommendations to govern this case going forward. The scheduling recommendations should conform to the presiding judge's attached template. At the Initial Pretrial Conference, the Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the circumstances of this case.

The parties are advised that upon receipt and review of the Rule 26(f) report and scheduling recommendations, the Court may cancel the Initial Pretrial Conference if it deems there are no outstanding matters for the Court to discuss with the parties at this stage. If the Court intends to cancel the scheduled conference, the Court will enter a scheduling order, any order that the Court deems necessary upon review of the Rule 26(f) report, and an order cancelling the conference. If no such order of cancellation is entered, the parties must appear at the conference as ordered.

### C. The Parties Must Take Care to Ensure the Court Has Jurisdiction.

The parties are reminded that the Court has a duty to examine its subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). In diversity cases, the "court must be certain that all plaintiffs have a different citizenship from all defendants," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988), and it is the obligation of the party asserting federal jurisdiction to "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919. Moreover, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)" and "when the action is filed in or removed to federal court," "a party . . . *must*, unless the court orders otherwise, file a disclosure statement." Fed. R. Civ. P. 7.1 (emphasis added). "The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ." *Id.*

Many jurisdictional issues, while easily curable, unnecessarily consume the Court's and parties' resources. The standards for alleging citizenship in diversity cases are well-established. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019). In cases involving corporations, allegations of citizenship must set forth **the state of incorporation** as well as **the principal place of business**. *See id*. Where a party states facts alleging only one of the two possible states of corporate citizenship, the requirements of diversity jurisdiction are not met. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (internal citation omitted). If either party is an LLC, **each and every *member* of the LLC and each member's citizenship must be identified**. *See MidCap Media*, 929 F.3d at 313-14. In addition, citizenship and residence are not synonymous terms in this context. *Id.* "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotations and brackets omitted).

"Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Id.* (quotations omitted).

By the time the Court speaks with the parties at the Initial Pretrial Conference, all issues related to citizenship in a diversity jurisdiction case, whether removed to federal court or first filed there, should be resolved or ripe for adjudication. Prior to the Initial Pretrial Conference, the party invoking this Court's jurisdiction shall review the relevant law and their pleadings and cure any and all jurisdictional defects. Likewise, all parties are required to comply with Rule 7.1. *See* Fed. R. Civ. P. 7.1. ***If the Court is forced to raise the issue of party citizenship as it relates to diversity jurisdiction <u>again</u> at the Initial Pretrial Conference despite this clear warning, sanctions up to and including dismissal may be assessed.*** *See* Fed. R. Civ. P. 16(f) (permitting a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order").

**IT IS FURTHER ORDERED** that in removal cases based on diversity jurisdiction, the parties must separately file a disclosure statement no later than **<u>five days before the Initial Pretrial Conference</u>** that names and identifies the citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1; *see also* 28 U.S.C. § 1332(a). The failure to follow this Order and comply with Rule 7.1 will result in imposition of an appropriate sanction. *See* Fed. R. Civ. P. 16(f).

### D. The Parties and Counsel Are Advised of Certain Matters in Connection with Appearing in This Court.

Finally, Counsel and parties proceeding pro se are advised of the following matters.

*First*, counsel and parties should refrain from communicating with the Courtroom Deputy or other court staff concerning substantive matters. Substantive communications with the Court

should be conducted via officially filed documents. This includes informal inquiries regarding when the Court might be expected to issue a ruling, which are unwelcome.

*Second*, non-dispositive motions—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion. *See* Local Rule CV-7(g) (applying to all non-dispositive motions); *see also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). An email or letter correspondence with opposing counsel or a pro se party may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed. But in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or conversation by telephone.[1] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7.

*Third and finally*, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances. Likewise, the Court frowns upon the labeling of matters as constituting an "emergency" that do

[1] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Env't Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); W.D. Tex. Loc. R. AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").

not involve a bona fide emergency justifying the Court's departure from its nonemergency procedures.

**IT IS SO ORDERED**.

**SIGNED** this 28th day of October, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| *Plaintiff*, | § | |
| vs. | § | |
| *Defendant*. | § | |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.

1. The parties asserting claims for relief may submit a written offer of settlement to opposing parties by ________ (the standard period being 90 days after the first defendant's appearance), and each opposing party may respond, in writing by ________ (the standard period being 104 days after the first defendant's appearance).

2. The parties shall file all motions to amend or supplement pleadings or to join additional parties by ___________ (the standard period being 120 days after the first defendant's appearance).

3. All parties asserting claims for relief shall file their designation of testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26 by __________ (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P.26 by _________ (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

4. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within __________ (the standard period being 30 days) days of receipt of the written report of the expert's proposed testimony, or within ________ (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

5. The parties shall complete discovery on or before ________ (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, *but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.*

6. The parties shall complete ADR in compliance with Rule CV-88 on or before _________. (ADR proceedings must be completed not later than 60 days before the date of the trial setting. The parties need not await the setting of a trial date to engage in ADR proceedings). A motion objecting to ADR may be filed not later than 60 days before that deadline.

7. All dispositive motions as defined in Local Rule CV-7 shall be filed no later than _________ (the standard period being 30 days after the discovery deadline). Dispositive motions and responses to dispositive motions shall be limited to limited to 20 pages in length. Replies, if any, shall be limited to 10 pages in length in accordance with Local Rule CV-7.

8. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16 regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on ___________, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order______________. Plaintiff offers the following explanation of why all parties have not been served___________________.

__________________________
(Signature)

__________________________
(Print of type name)

ATTORNEY FOR

__________________________
(Print or type name)

CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**CONSENT ADVISORY TO THE CLERK OF COURT**

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

□ I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636. The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

□ I Do Not Consent to Proceed Before A United States Magistrate Judge. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

________________________________________
Party Name (Printed)

By: ________________________________________
Signed by Pro Se Party or Attorney

________________________________________
Date